UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY A. MACHOLTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY FINANCIAL SERVICES, LLC, a Wyoming limited liability company; and BENJAMIN W. POURCHO, an individual, doing business as NEWPORT LAW GROUP,<br><br>Defendants. | Case No. 1:18-cv-420<br><br>Hon. |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Anthony A. Macholtz, individually and on behalf of all others similarly situated, by and through his counsel, Westbrook Law PLLC, for his complaint against Defendants Trinity Financial Services, LLC and Benjamin W. Pourcho, doing business as Newport Beach Law Group, states as follows:

### INTRODUCTION

1. Plaintiff seeks redress for the illegal practices of Defendants in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*

2. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

3. This action resulted from Defendants' reckless and/or knowing use of unlawful debt collection practices for the purpose of increasing their profits, to the competitive disadvantage of those debt collectors who conduct business in accordance with the law by refraining from using those same practices.

4. Defendants utilized a form collection letter that is deceptive, misleading, and unlawful because it threatens a foreclosure Defendants did not intend to carry out; overshadows disclosures required by law of any communication by a debt collector; seeks to collect amounts not authorized by contract or law; and otherwise creates a misleading and false overall impression in connection with an attempt to collect a consumer debt.

5. Defendant Trinity Financial Services, LLC ("Trinity") also violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to provide to Plaintiff and to others similarly situated any disclosure of the transfer of servicing rights from a purported predecessor loan servicer.

6. Trinity further violated the FDCPA by failing to inform Plaintiff and the members of the putative class their right to dispute the validity and obtain verification of the purported debts owed by them to Trinity, in violation of 15 U.S.C. § 1692g.

## THE PARTIES

7. Plaintiff Anthony A. Macholtz is an individual residing in Baroda, Berrien County, Michigan. Plaintiff is a "consumer" as that term is defined and used in the FDCPA, 15 U.S.C. § 1692a, and the MRCPA, M.C.L. § 445.251(d).

8. Defendant Trinity Financial Services, LLC ("Trinity") is a Wyoming limited liability company with a principal place of business in Newport Beach, California.

9. Trinity's principal business is purchasing "distressed" and defaulted home loans at a deep discount and attempting to collect amounts purportedly outstanding on such loans from consumers.

10. Trinity engages in interstate commerce using the wires and mails for the principal purpose of collecting debts. Trinity is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(6). Trinity is a "regulated person" as that term is defined in the MRCPA, M.C.L. § 445.251.

11. Loans serviced by Trinity which are secured by a mortgage of a residential property designed principally for the occupancy of one to four families are "federally related mortgage loans" as that phrase is defined in RESPA, 12 U.S.C. § 2602(1).

12. Trinity claims to be the servicer of Plaintiff's residential home loan; specifically, a home equity line of credit secured by a mortgage of Plaintiff's single-family residence (the "Loan")

13. Defendant Benjamin W. Pourcho ("Pourcho") is an individual residing and doing business in the State of California. Pourcho is a licensed attorney in the State of California, license number 261983.

14. Pourcho engages in interstate commerce using the wires and mails for the principal purpose of collecting consumer debts. Pourcho regularly attempts to collect debts on behalf of others, including Trinity. Pourcho is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(6). Pourcho is a "regulated person" as that term is defined in the MRCPA, M.C.L. § 445.251.

15. Pourcho does business as "Newport Beach Law Group" and "Newport Beach Law Group APLC" and attempts to collect consumer debts using those false names.

16. Neither "Newport Beach Law Group" nor "Newport Beach Law Group APLC" is a registered business entity with the State of California or the State Bar of California. Pourcho's use of the word "Group" and the designation "APLC" in these names is false, misleading, and disallowed by the State Bar of California.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction pursuant to 15 U.S.C. Section 1692k(d), 12 U.S.C. § 2605(f), and 28 U.S.C. Section 1331.

18. Exercise of this Court's supplemental jurisdiction over Plaintiff' claims under Michigan state law is appropriate under 28 U.S.C. Section 1367(a) because Plaintiff' state law claims form part of the same case or controversy as Plaintiff' claims arising out of federal law.

19. Venue in this district is proper because the events complained of took place within this district.

## FACTS

20. In August of 2006, Plaintiff executed a line-of-credit agreement (the "Loan") with First Resource Federal Credit Union ("FRFCU") that was secured by a mortgage on his primary residence, located at 1886 Russell Road, Baroda, Michigan.

21. At all relevant times, FRFCU, later renamed United Federal Credit Union, was a financial institution the deposits of which were insured by the National Credit Union Administration.

22. The Loan was a "federally related mortgage loan" as that term is defined and used in RESPA, 12 U.S.C. § 2602(1).

4

23. The original amount of the Loan was $74,181.00 with a variable interest rate and an initial interest rate of 9.5% APR.

24. Plaintiff obtained the Loan for personal and not for business purposes. The Loan thus constituted a "debt" as that term is used in the FDCPA and MRCPA.

25. Plaintiff and his wife subsequently became unable to repay the Loan, and it became delinquent.

26. Subsequent to the Loan becoming delinquent, upon information and belief, FRFCU assigned the Loan and the mortgage securing the Loan to Companion Property and Casualty Insurance Company.

27. Trinity and Pourcho have asserted since approximately January 18, 2018 that Trinity is the servicer and the owner of the Loan.

28. Although Trinity purportedly obtained servicing rights to the Loan in approximately January of 2017, Trinity did not provide Plaintiff with notice of any transfer of servicing rights from its predecessor at any time in 2016 or 2017.

29. Plaintiff had never heard from Trinity or received any written communication from Trinity until approximately January 18, 2018.

30. On approximately January 18, 2018, Pourcho, acting on behalf of Trinity, sent to Plaintiff a letter in connection with an attempt to collect the Loan. (Ex. 1, the "Newport Letter".)

31. The top portion of the Newport Letter purports to identify its sender as "Newport Beach Law Group." (*Id.*) However, no such entity is registered with the State of California or the State Bar of California.

32. Upon information and belief, "Newport Beach Law Group" has no status as a registered business or other legal entity, and is a false name used by Pourcho in connection with his business as a debt collector.

33. Upon information and belief, Pourcho is the only attorney doing business as or in connection with the name "Newport Beach Law Group."

34. Pourcho's use of the name "Newport Beach Law Group" in connection with the collection of debts is deceptive and misleading.

35. The Newport Letter was the initial communication from Pourcho to Plaintiff under 15 U.S.C. § 1692g.

36. In large, bold, underlined, all-capital red lettering near the top of the first page, the Letter states, "**<u>IMMEDIATE ACTION REQUIRED</u>**." (*Id.*)

37. The Newport Letter purports to "serve as a **<u>formal notice that you are in default</u>**" under the Loan. (*Id.*)

38. The Newport Letter states that a balance of $123,271.55 is due on the Loan and demands payment "**<u>on or before February 08, 2018, in certified funds made payable to Trinity Financial Services, LLC</u>**." (*Id.*)

39. The Newport Letter further states that "**<u>Failure to respond within 21 days from the date of this letter (February 08, 2018)</u>** will leave this office no other option than to advise Trinity Financial Services, LLC to commence the foreclosure process against your property." (*Id.*)

40. The Newport Letter asserts, implies, and communicates the overall impression that a "foreclosure proceeding" would be instated imminently if Plaintiff did not respond within 21 days from the date of the Letter. (*Id.*)

6

41. At the time the Newport Letter was sent to Plaintiff, Defendants did not intend to begin any foreclosure process in connection with the Loan.

42. Pourcho was not licensed to practice law in Michigan in January of 2018 or at any time since. Upon information and belief, Pourcho has never initiated a foreclosure proceeding with respect to any property located in the State of Michigan.

43. The Newport Letter gives the overall impression that a legal action or foreclosure proceeding is imminent or likely.

44. The Newport Letter falsely implies that an attorney, acting as an attorney, is meaningfully involved in collecting the Debt.

45. The Newport Letter's implication that "**IMMEDIATE ACTION**" was required to avoid foreclosure, and its demand for payment and a response from Plaintiff within 21 days—less than the 30 days allowed for disputing and requesting verification regarding the Debt—overshadowed and obscured Plaintiff's right to obtain validation of the Debt under 15 U.S.C. § 1692g.

46. On February 21, 2018, Plaintiff contacted Pourcho via letter faxed to 855-631-4155, disputed the Debt, and demanded verification of the Debt.

47. On or about March 19, 2018, in apparent response to Plaintiff's February 21, 2018 letter, Trinity sent to Plaintiff correspondence (the "Trinity Letter") and a package purporting to verify the Debt. (Ex. 2.)

48. The Trinity Letter stated that "The outstanding amount as of 4/20/2018 of this loan is $123,442.62. It is our desire to work with you amicably to attain a mutually acceptable arrangement to satisfy this account. If you want us to help you rectify this situation, please call me directly at (855) 818-6806." (*Id.*)

49. The Trinity Letter further stated "**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" (*Id.*)

50. The Trinity Letter was sent in connection with an attempt to collect the Debt from Plaintiff.

51. The Trinity Letter was the initial communication from Trinity to Plaintiff for purposes of 15 U.S.C. § 1692g.

52. Neither the Trinity Letter, nor any written communication from Trinity to Plaintiff, contained any written notice containing:

   a. A statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to valid by the debt collector;

   b. A statement that if the consumer notifies the debt collector in writing within the thirty (3) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification will be mailed to the consumer by the debt collector; or

   c. A statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53. The Trinity Letter, like the Newport Letter, demands excessive amounts not authorized by contract or law.

54. The Trinity Letter and the Newport Letter demand repayment of interest at rates exceeding the legal limits established by Michigan law.

55. Defendants' threats of foreclosure and the other misleading information in the Newport Letter caused Plaintiff actual damage in the form of the expenses of traveling to counsel's office and engaging counsel, attorney fees paid to counsel, significant mental stress and emotional distress, and other direct harms. In addition, Plaintiff has suffered the harm of being deprived of information to which he is legally entitled.

56. Defendants' failure to properly provide the notices mandated by 15 U.S.C. § 1692g has caused Plaintiff actual damage in the form of the expenses of traveling to counsel's office and engaging counsel, attorney fees paid to counsel, significant mental stress and emotional distress and other direct harms. In addition, Plaintiff has suffered the harm of being deprived of information to which he is legally entitled.

57. Trinity's failure to provide the notice required by 12 U.S.C. § 2605 has caused Plaintiff actual damage in the form of the expenses of traveling to counsel's office and engaging counsel, attorney fees paid to counsel, significant mental stress and emotional distress and other direct harms. In addition, Plaintiff has suffered the harm of being deprived of information to which he is legally entitled.

## CLASS ALLEGATIONS

58. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a class or classes of similarly situated persons.

59. Plaintiff proposes five classes, defined as follows:

a. **TRINITY RESPA CLASS**

A class comprising: (a) every natural person; (b) whose residential address is located within the State of Michigan; (c) where Trinity owns and services or has owned and serviced one or more debts owed by such person; (d) Trinity is not the original servicer of such debt; (e) Trinity obtained servicing rights to such debt on or after March 29, 2015; and (f) such debt is or was secured by a mortgage on a residential property such person owns or owned.

b. **POURCHO FDCPA CLASS**

A class comprising: (a) every natural person; (b) to whom Pourcho and/or his agents mailed a letter substantially in the form of Exhibit 1 hereto; (c) to such person at an address located within the State of Michigan; (d) such letter was not returned undeliverable; and (e) such letter was mailed on or after April 13, 2017.

c. **POURCHO MRCPA CLASS**

A class comprising: (a) every natural person; (b) to whom Pourcho and/or his agents mailed a letter substantially in the form of Exhibit 1 hereto; (c) to such person at an address located within the State of Michigan; (d) such letter was not returned undeliverable; and (e) such letter was mailed on or after April 13, 2012.

d. **TRINITY FDCPA CLASS**

A class comprising: (a) every natural person; (b) to whom Pourcho and/or his agents mailed a letter substantially in the form of Exhibit 1 hereto; (c) to such person at an address located within the State of Michigan; (d) such letter references a debt purportedly owed to and/or serviced by Trinity; (e) such letter was not returned undeliverable; and (f) such letter was mailed on or after April 13, 2017.

e. **TRINITY MRCPA CLASS**

A class comprising: (a) every natural person; (b) to whom Pourcho and/or his agents mailed a letter substantially in the form of Exhibit 1 hereto; (c) to such person at an address located within the State of Michigan; (d) such letter references a debt purportedly owed to and/or serviced by Trinity; (e) such letter was not returned undeliverable; and (f) such letter was mailed on or after April 13, 2012.

60. Upon information and belief, each class consists of more than 50 persons.

61. The members of the class are so numerous that joinder of all members is impracticable.

62. There are questions of law and fact common to all members of the Trinity RESPA Class, which common questions predominate over any questions that affect only individual class members. These questions are:

 a. Whether Trinity violated 12 U.S.C. § 2605(c) through a uniform practice and procedure of failing to notify debtors of the transfer of servicing rights from a predecessor servicer to Trinity; and

 b. Whether Trinity's failure to notify debtors of the transfer of servicing rights from a predecessor servicer to Trinity was willful.

63. There are questions of law and fact common to all members of the Pourcho FDCPA and MRCPA Classes, which common questions predominate over any questions that affect only individual class members. These questions include:

 a. Whether Pourcho, through the letters substantially in the form of Exhibit 1, unlawfully overshadowed the notice required by 15 U.S.C. § 1692g;

11

b. Whether Pourcho, through the letters substantially in the form of Exhibit 1, used a business, company, or organization name other than the true name of his business, company, or organization, in violation of 15 U.S.C. § 1692e(14) and M.C.L. § 445.252(a)

c. Whether Pourcho, through the letters substantially in the form of Exhibit 1, communicated false and misleading information concerning a debt in violation of 15 U.S.C. §§ 1692e(4) and 1692e(5); and M.C.L. § 445.252(e);

d. Whether Pourcho, through the letters substantially in the form of Exhibit 1, misrepresented in a communication with a debtor that nonpayment would result in the sale of the debtor's property, in violation of 15 U.S.C. § 1692f and M.C.L. § 445.252(f)(iii); and

e. Whether Pourcho violated the FDCPA and/or MRCPA willfully.

64. There are questions of law and fact common to all members of the Trinity FDCPA and MRCPA Classes, which common questions predominate over any questions that affect only individual class members. These questions include:

a. Whether Trinity, as a matter of routine procedure, failed to send to the class members the notice required by 15 U.S.C. § 1692g within five (5) days of Trinity's initial communication with such class members;

b. Whether Trinity, through letters sent by its agent, Pourcho, substantially in the form of Exhibit 1, communicated false and misleading information concerning a debt in violation of 15 U.S.C. §§ 1692e(4) and 1692e(5); and M.C.L. § 445.252(e);

c. Whether Trinity, through the letters sent by its agent, Pourcho, substantially in the form of Exhibit 1, misrepresented in a communication with a debtor that

nonpayment would result in the sale of the debtor's property, in violation of 15 U.S.C. § 1692f and M.C.L. § 445.252(f)(iii); and

    d. Whether Trinity violated the FDCPA and/or MRCPA willfully.

65. Plaintiff' claims are typical of the claims of all class members. Plaintiff' claims and the claims of all class members are based on the same factual and legal theories. Plaintiff and all class members have suffered the same or similar injury, loss, and damage as a result of Trinity's and Pourcho's violations of RESPA, FDCPA and MRCPA, including statutory damages as provided by RESPA, FDCPA and MRCPA. Plaintiff and all class members suffered injury, loss and damage to their rights granted by RESPA to be made aware of the identity of the servicer of debts purportedly owed by them, and by the FDCPA and MRCPA to be free from attempts by debt collectors to collect debts using deceptive, misleading, unconscionable, and unlawful means.

66. Plaintiff will fairly and adequately protect and represent the interests of the members of the class. Plaintiff has retained counsel experienced in representing consumers in RESPA, FDCPA, and MRCPA matters and experienced in representing consumers in class action litigation.

67. Neither Plaintiff nor his counsel have any interests adverse to the interests of the members of either class. Plaintiff and his counsel are able to vigorously represent the interests of the class members in litigation.

68. Certification of the proposed classes under Federal Rule of Civil Procedure 23(b)(3) is appropriate in that:

    a. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members;

b. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, specifically:

   i. Separate actions would be unfeasible and unlikely to be prosecuted on an individual basis due to the fact that many class members may not be aware of their claims against Trinity and Pourcho;

   ii. Separate actions would be unfeasible and unlikely to be prosecuted on an individual basis due to the fact that the damages to each class member are small;

   iii. The Western District of Michigan is an appropriate forum for the disposition of these claims because upon information and belief Trinity and Pourcho conduct substantial debt collection business within this District, and the class definitions are restricted to residents of the state of Michigan;

   iv. After a diligent search, including a nationwide search of PACER records, Plaintiff's counsel is unaware of any pending litigation filed on behalf of any putative class member against Trinity or Pourcho concerning this controversy with respect to Michigan consumers;

   v. The management of the proposed class action will not be unusually difficult. Trinity's violations of RESPA, and Defendants' actions in violation of the FDCPA and MRCPA were uniform with respect to each and every member of each putative class and will be established through documentary evidence.

## COUNT I
## REAL ESTATE SETTLEMENT PROCEDURES ACT
## TRINITY

69. By failing to notify consumers, including Plaintiff, of the transfer of servicing rights to their loans from Trinity's predecessor servicers to itself within 15 days of the transfer of such servicing rights, Trinity violated 12 U.S.C. § 2605(c) and is liable for actual and statutory damages, costs, and attorney fees pursuant to 12 U.S.C. § 2605(f).

70. Trinity engaged in a pattern and practice of violating 12 U.S.C. § 2605(c).

71. Plaintiff and the putative Trinity RESPA Class members have suffered actual harms and damages as a result of Trinity's violations of RESPA, including the informational injury of being deprived of information they are legally entitled to receive; confusion; wasted time; and other economic and noneconomic harms.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

 a. Statutory damages for Plaintiff and each member of the class pursuant to 12 U.S.C. § 2605(f)(2);

 b. Statutory costs and reasonable attorney fees pursuant to 12 U.S.C. § 2605(f)(3); and

 c. Such further relief as this Court deems just and proper.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT
## ALL DEFENDANTS

72. Using a form collection letter substantially identical to Exhibit 1, Defendants communicated misleading and false debt information to Plaintiff and the members of the Pourcho and Trinity FDCPA Classes in violation of 15 U.S.C. § 1692e.

15

73. Using a form collection letter substantially identical to Exhibit 1, Defendants overshadowed Plaintiff's and class members' rights to dispute and obtain verification of debts under 15 U.S.C. § 1692g, in violation of that section.

74. Using a form collection letter substantially identical to Exhibit 1, Defendants threatened to take collection action they had no intention of taking—i.e., foreclosure—in violation of 15 U.S.C. §§ 1692e and 1692f.

75. Plaintiff and the Pourcho and Trinity FDCPA Class members have suffered damages as a result of these violations of the FDCPA, including mental stress, emotional distress, the informational injury of being deprived of accurate information to which they are legally entitled, and other economic and noneconomic harms.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

    a. Statutory damages for Plaintiff and each member of the class pursuant to 15 U.S.C. § 1692k;

    b. Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

Such further relief as this Court deems just and proper.

## COUNT III
## MICHIGAN REGULATION OF COLLECTION PRACTICES ACT
## ALL DEFENDANTS

76. Using a form collection letter substantially identical to Exhibit 1, Defendants communicated misleading and false debt information to Plaintiff and the members of the Pourcho and Trinity MRCPA Classes in violation of M.C.L. § 445.252e.

77. Using a form collection letter substantially identical to Exhibit 1, Defendants threatened to take collection action they had no intention of taking—i.e., foreclosure—in violation of M.C.L. §§ 445.252(e) and 445.252(f).

78. Plaintiff and the Pourcho and Trinity MRCPA Class members have suffered damages as a result of these violations of the MRCPA, including mental stress, emotional distress, the informational injury of being deprived of accurate information to which they are legally entitled, and other economic and noneconomic harms.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

a. Statutory damages for Plaintiff and each member of the class pursuant to M.C.L. § 445.257;

b. Statutory costs and reasonable attorney fees pursuant to M.C.L. § 445.257; and

Such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 13, 2018

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

# JURY DEMAND

Plaintiff Anthony Macholtz hereby demands a trial by jury as to all claims and issues so triable.

                                                                      Respectfully submitted,

Dated: April 13, 2018                              /s/Theodore J. Westbrook
                                                           Theodore J. Westbrook (P70834)
                                                           **Westbrook Law PLLC**
                                                           Attorney for Plaintiff
                                                           6140 28th St. SE, Suite 115
                                                           Grand Rapids, MI 49546
                                                           (616) 288-9548
                                                           twestbrook@westbrook-law.net